**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ROYCE MATTHEWS-JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.  1:08-CV-207** |
| | ) | |
| **OFFICER CORY TROYER and** | ) | |
| **OFFICER TREVIN BROWN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Royce Matthews-Johnson ("Johnson") brings this 42 U.S.C. § 1983 case on the claim that the Defendants, Officer Cory Troyer and Officer Trevin Brown ("the Officers"), falsely arrested him, thereby violating his right to be free from unreasonable seizure under the Fourth Amendment of the United States Constitution. (Docket # 1.) In short, Johnson claims that on August 3, 2006, the Officers stopped the vehicle in which he was a passenger, searched his belongings, and "planted" marijuana in his briefcase as a pretext to arrest him on drug charges. (Docket # 1.)

In their fully briefed motion for partial summary judgment, the Officers seek dismissal of Johnson's false arrest claim because they contend that he has no basis to allege that they fabricated evidence against him. (Docket # 19.) Johnson, however, disagrees and suggests that the record, when viewed in light most favorable to him, at least gives rise to a reasonable inference that the Officers planted the incriminating marijuana. (Docket # 23.) Because a reasonable jury could conclude, on Johnson's version of the facts, that the Officers did in fact put

marijuana in his briefcase, thus manufacturing probable cause for his arrest, their motion for partial summary judgment will be DENIED.

## II. FACTUAL BACKGROUND[1]

The factual record before the Court can be succinctly recounted. On the night of August 3, 2006, Johnson was a passenger in a pick-up truck, driven and owned by Emily Blevins. (Aff. of Cory Troyer ¶ 2; Aff. of Royce Matthews-Johnson ¶ 2; Johnson Dep. 18, 20.) Near the corner of Mill Road and Rudisill in Fort Wayne, Indiana, Blevins stopped the truck because she noticed a police car with flashing lights behind her. (Johnson Dep. 21.) The police vehicle was operated by Officer Troyer, who alleges that he pulled Blevins over because of a broken taillight. (Johnson Aff. ¶¶ 3, 4, 7.) Johnson disputes this point, along with many others offered by the Officers, and contends that he had the taillight and brake lights tested later, and they were fully functional. (Johnson Aff. ¶ 7.)

In any event, after the Officers approached the truck, and at their request, Johnson produced his Social Security card from his briefcase. (Johnson Aff. ¶ 6.) Again at the Officers' request, Johnson and Blevins stepped out of the vehicle for a pat-down. It was about that time that Johnson accused Officer Brown of being prejudiced, allegedly because Officer Brown had viewed Johnson's prior criminal record on his squad car computer and on the further fact that Johnson is an African-American. (Johnson Dep. 35.) In response, Officer Brown became angry and called Johnson an "asshole." (Johnson Dep. 35.) Thereafter, the Officers proceeded to conduct a search or inventory of the truck and its contents. (Johnson Dep. 31-32.) Although

---

[1] For summary judgment purposes, the facts are recited in the light most favorable to Johnson, the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Officer Brown returned Blevins's purse and bags of groceries to her at some point during the search, the Officers refused to provide Johnson with his briefcase, which remained in the car and apparently out of Johnson's sight. (Johnson Aff. ¶ 10.)

In fact, according to Johnson, he did not see his briefcase again until the Officers told him to remove it from the truck, place it on the hood, and open it.[2] (Johnson Aff. ¶¶ 11, 12; Johnson Dep. 37.) Once the briefcase was open, Officer Brown, who was standing approximately six or seven feet behind Johnson, allegedly pointed his flashlight towards the briefcase and asked Johnson, "What's that there?" (Johnson Aff. ¶ 12.) It was at that point that Johnson noticed a marijuana seed and stem in the corner of the briefcase, and immediately accused the Officers of having deposited those items there. (Johnson Aff. ¶ 12; Johnson Dep. 44.)

Johnson was then handcuffed, arrested, and taken to the Allen County jailhouse, where he was charged with felony possession of marijuana.[3] (Johnson Dep. 44-45, 55.) He remained in jail for one week before bonding out. (Johnson Dep. 50.) Later, Johnson's counsel in his criminal case filed a motion to suppress the evidence derived from the so-called inventory search, and once that motion was granted, all charges were dismissed.

---

[2] The Officers give a different version of the events, contending that they began to inventory the vehicle after noticing the truck did not have a working rear brake light. (Aff. of Treven Brown ¶ 4.) It was during the inventory that Officer Brown opened Johnson's briefcase and observed pieces of a green leafy substance and marijuana seeds. (Brown Aff. ¶ 6.) After Johnson requested that a Fort Wayne police department sergeant come to the scene, Officer Brown advised the Sergeant of the situation. (Brown Aff. ¶¶ 7, 8.) The Sergeant requested that Johnson place his briefcase on the hood of the vehicle and open it. (Brown Aff. ¶ 8.) The open briefcase displayed marijuana and after Officer Brown pointed it out to Johnson, Johnson was placed under arrest. (Brown Aff. ¶¶ 8, 9.)

[3] Johnson also has an excessive force claim arising from his hand-cuffing, but that is not addressed in the motion for partial summary judgment.

### III. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c); *Payne*, 337 F.3d at 770. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005).

When ruling on a motion for summary judgment, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne*, 337 F.3d at 770. The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.*; *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771; *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007) (instructing that in determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts").

## IV. DISCUSSION

### *A. Probable Cause*

Johnson's § 1983 claim alleges that he had no marijuana in his possession until the Officers planted some in his briefcase, and therefore they falsely arrested him in violation of his Fourth Amendment right against unreasonable searches and seizures. (Docket # 7.) The Defendants maintain, however, that they had probable cause to arrest Johnson, and thus have "an absolute defense." *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. Ill. 2008) ("Probable cause is an absolute defense to a claim of wrongful arrest under section 1983 against police officers.").

Probable cause is established "if, at the time of the arrest, the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Although probable cause is generally determined by the jury, a court may rule on it as a matter of law if the facts are undisputed. *See Duvall v. Kroger Co.*, 549 N.E.2d 403, 405-06 (Ind. Ct. App. 1990).

Thus, the issue becomes: Does Johnson have enough evidence, if given every reasonable inference, such that a reasonable jury could conclude that the Officers actually planted marijuana in his briefcase and therefore falsely arrested him. *See Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004) (stating that if an arrest is made on the basis of planted evidence, then the plaintiff "would have a Fourth Amendment claim for false arrest"). While speculation concerning whether evidence was planted is not enough to withstand a motion for summary judgment, *see McCann v. Mangialardi,* 337 F.3d 782, 789 (7th Cir. 2003) (noting that to

withstand a motion for summary judgment, the plaintiff must present evidence amounting to more than mere speculation and surmise) (citing *Borcky v. Maytag Corp.*, 248 F.3d 691, 695 (7th Cir. 2001)), at this juncture, and again with every inference falling his way, Johnson's evidence demonstrates something a bit more concrete.

The analysis starts with the fair inference that, based on Johnson's testimony, the briefcase did not have marijuana in it at the time of the traffic stop and soon fell under the control of the Officers and out of Johnson's sight. (Johnson Aff. ¶ 11.) In fact, Johnson only regained possession of the briefcase after he was told to get it out of the truck and open it up on the hood of the vehicle. (Johnson Dep. 42.) According to Johnson, when he opened the briefcase, Officer Brown, who by now was some six or seven feet behind Johnson, and in no real position to see, somehow was purportedly able to immediately spot a marijuana seed and stem at the bottom of the briefcase. (Johnson Dep. 42.) On top of everything else, Johnson argues that this feat was accomplished in the dark by the mere use of a flashlight. (Johnson Dep. 42.) Johnson was surprised by the observation and immediately protested that the Officers had put the incriminating evidence there.

Although the Officers contend that Johnson's version is unworthy of belief, the Court cannot make credibility determinations at the summary judgment stage, even if a party's account of the events seems implausible. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007). Accordingly, if a jury credits Johnson's story, they would be entitled to believe that the only way the Officers could know about the minuscule amount of marijuana in Johnson's briefcase (i.e., the ability to immediately "see" it), is if they had in fact put it there. This leads to a material issue of fact about whether the marijuana was present in Johnson's briefcase from the outset, or

whether it was placed there by the Officers during their search. *See Washington v. City of Springfield*, No. 07-3075, 2009 U.S. Dist. LEXIS 49173, at *8 (C.D. Ill. June 11, 2009) (explaining that if the evidence supports an inference that the officer planted the drugs during a search, then it is enough to create an issue of fact).

As a consequence, summary judgment cannot be granted on this basis.

### B. Qualified Immunity

Finally, the Officers argue that summary judgment should be granted in their favor on Johnson's false arrest claim because they are entitled to qualified immunity. "Qualified immunity shields from liability police officers who act in ways they reasonably believe to be lawful." *Chelios*, 520 F.3d at 691 (internal quotation marks and citation omitted). Thus, it "protects those officers who make a reasonable error in determining whether there is probable cause to arrest an individual." *Id.*

"The Supreme Court of the United States has articulated a two-part test for qualified immunity: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).[4] "A plaintiff may discharge the burden of showing that the constitutional right was clearly established by showing that there is 'a clearly analogous case establishing a right to be free from the specific conduct at issue' or that 'the conduct is so egregious that no reasonable

---

[4] Recently, in *Pearson v. Callahan*, 129 S. Ct. 808 (2009), the Supreme Court reconsidered the two-step procedure set forth in *Saucier* and concluded that while the sequence is often appropriate, it should no longer be regarded as mandatory in all cases. It stated  that the district courts should have the discretion to decide whether the two-step procedure is worthwhile in particular cases. *Id.*

person could have believed that it would not violate clearly established rights.'" *Id.* (citing *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001); *Saffell v. Crews*, 183 F.3d 655, 658 (7th Cir. 1999)).

In the instant action, if Johnson's version of the facts are believed, then the Officers would not be entitled to qualified immunity given that it has been well-established for a long time that planting evidence to form the basis for an arrest is clearly violative of the Fourth Amendment. *See, e.g., Wiley,* 361 F.3d at 996 ("[I]f [the officer] arrested [the plaintiff] on the basis of planted 'evidence,' [the plaintiff] would have a Fourth Amendment claim for false arrest."); *Washington v. City of Springfield*, 2009 U.S. Dist. LEXIS 49173, at *22, 26-27 (citing *Smith v. City of Chicago*, 913 F.2d 469, 472 (7th Cir. 1990)); *See Longs v. Lebo*, No. 3:07-CV-83 RM, 2008 U.S. Dist. LEXIS 89680, at *14 (N.D. Ind. Nov. 4, 2008) (finding that when the affidavit statements of the arresting Officer and the plaintiff recount different versions of the search and seizure regarding whether the Officer planted marijuana in the plaintiff's vehicle, there is "a genuine issue of material fact precluding qualified immunity").

Thus, on this record, the Defendants are not entitled to qualified immunity as a matter of law and therefore their motion must be denied.

## V. CONCLUSION

For the above reasons, Defendants' motion for partial summary judgment is DENIED.

Enter for this 6th day of August, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge